## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

AKIL RASHIDI BEY *ex rel*           )
AIKIDO GRAVES,                      )
                                    )
        Plaintiff,          )
                                    )
v.                                  )          Case No. 3:13CV464-HEH
                                    )
RICHMOND REDEVELOPMENT              )
AND HOUSING AUTHORITY,              )
                                    )
        Defendant.          )

## MEMORANDUM OPINION
### (Defendant's Motion to Dismiss)

THIS MATTER is before the Court on Defendant Richmond Redevelopment and Housing Authority's ("RRHA") Motion to Dismiss (ECF No. 12). The Court will dispense with oral argument as it would not aid in the decisional process. For the reasons that follow, the Court finds the Complaint to be facially insufficient to state an actionable claim. Therefore the Court grants RRHA's Motion and dismisses Plaintiff's sole remaining claim.

## I. BACKGROUND

Plaintiff commenced this action against RRHA as well as several RRHA employees and other entities. Upon initial review of the Complaint during the consideration of Plaintiff's Motion to Proceed *In Forma Pauperis*, the Court previously entered an Order (ECF No. 4) dismissing the majority of Plaintiff's claims for failure to state a viable cause of action. Accordingly, only one claim remains before the Court—

the purported violation of Plaintiff's due process rights under 42 U.S.C. § 1437d and 24

C.F.R. § 982.553. RRHA now moves to dismiss the remaining claim as moot, or

alternatively, as waived. Even when liberally construed in the light most favorable to

Plaintiff,[1] the Court finds that the remaining claim must also be dismissed.

Throughout the Complaint, in a sometimes unintelligible or irrelevant stream of

assertions, Plaintiff makes several allegations of "disinformation and tactics" used by

various individuals and agencies as part of a conspiracy against Plaintiff and his family.

(Compl. 2:17-20:2, ECF No. 5.) Plaintiff further points to several court proceedings that

he alleges were used in an "unfair game . . . to attack and strategize" against him and his

family. (*Id.* 6:2-22.) Plaintiff alleges that for several years he and his family have

endured "threats" and "mental warfare," (*id.* 7:4-5), and that RRHA had an agenda to

ensure Plaintiff was "unlawfully locked up." (*Id.* 7:19-22.) Plaintiff claims that his

informal recordings of conversations demonstrate contradictions and lies by RRHA staff.

(*Id.* 19:16-17.)[2] The Complaint offers no factual basis to support these contentions.

According to the Complaint, Plaintiff and his family have received public housing

assistance since 1999. (*Id.* 3:5.) Plaintiff initially lived in Prince William County,

Virginia, and subsequently transferred his Section 8 housing voucher to the Richmond,

Virginia area. (*Id.* 3:5-4:16.) Thereafter, Plaintiff and his wife resided at 710 Mosby

Street in Richmond. (*Id.* 4:15.)

---

[1] Because Plaintiff proceeds *pro se*, the Court endeavors to liberally construe his
allegations, however inartfully pleaded. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
(quoting *Estell v. Gamble*, 429 U.S. 97, 104-105 (1976)).
[2] Because the Complaint directly references the audio recordings, the Court permitted
Plaintiff to file the recordings as an exhibit to his Complaint. (ECF No. 7.)

As part of the required recertification process for Plaintiff's Section 8 voucher, RRHA attempted to meet with him. (*Id.* 8:6-7.) On June 12, 2013, Plaintiff's wife, purportedly on Plaintiff's behalf, attended a recertification meeting with an RRHA employee, Willette Williams; however, the meeting did not proceed due to Plaintiff's absence. (*Id.* 8:6-14.) Williams indicated that certain aspects of Plaintiff's household income required further explanation and that Plaintiff would need to personally attend a rescheduled meeting. (*Id.*) Plaintiff claims that he could not attend out of fear of being unlawfully arrested. (*Id.* 6:9-19.) The recertification meeting was rescheduled for June 21, 2013. (*Id.* 8:6-9:2.) Plaintiff's wife later discovered that she had a conflict on that date, and unsuccessfully attempted to contact Williams to reschedule. (*Id.* 9:1-4.) Plaintiff's wife finally reached Williams on June 25, 2013. (*Id.* 9:4-6.) Williams and her supervisor, Tammy Grubb, then told Plaintiff's wife that Plaintiff's Section 8 voucher would be terminated if Plaintiff did not show up for a rescheduled meeting the next day on June 26, 2013. (*Id.* at 9:7-9.)

Plaintiff did not attend the meeting on June 26, 2013, because he "knew that the RRHA workers were going to have [him] setup and unlawfully arrested" and because he "didn't receive Due Process about the time" of the meeting. (*Id.* at 9:11-13.) While Plaintiff's wife was waiting to confer with Williams on June 26, a police officer asked Plaintiff's wife whether she knew Plaintiff's whereabouts. (*Id.* at 9:18-20.) She indicated that she did not. (*Id.* at 9:22-10:1.) She was then given a termination letter from RRHA. (*Id.*)

3

Several termination letters from RRHA were attached to the Complaint. (*See id.* Exs. F, G.) Each of the letters cite sections of the Code of Federal Regulations governing family obligations in the Section 8 voucher program. (*See id.*)

Plaintiff contends that the termination of his Section 8 voucher was unlawful and eventually led to his eviction. (*Id.* 12:33-35.) He asserts that he has never been provided with the criminal record report used to justify the termination of his housing assistance, as is required by statute. (*Id.* 7:22-8:1; 19:4-5.)

On July 4, 2013, Plaintiff sent a letter to RRHA requesting "to be removed from the [S]ection 8 voucher program and from the lease at [] 710 Mosby Street . . . under protest, duress, threat, and coercion . . . ." (*Id.* Ex. G.) In that letter, Plaintiff notes his objection to the termination of his assistance and states that he will exercise his right to appeal. (*Id.*) In a response dated July 10, 2013, RRHA granted Plaintiff's request and informed him that an informal appeal hearing was set for July 16, 2013, at 10:00 a.m. (*Id.*) Plaintiff responded on July 12, 2013, in a letter reciting the same comments as his July 4 appeal request. (*Id.*) The next day, Plaintiff submitted a request for a copy of the criminal report relied upon by RRHA in terminating his Section 8 assistance, but stated that he would not be attending the appeal hearing. (*Id.*) The audio recording of the conversations between RRHA staff and the Plaintiff and his wife confirm that Plaintiff refused to attend his appeal hearing. (*Id.* Ex. P.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

4

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). A complaint[3] need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, the Court need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985). "Pleadings must be construed to do

---

[3] In deciding whether the Complaint will survive the Motion to Dismiss, the Court evaluates the Complaint as well as any documents attached or incorporated by reference. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). As noted *supra*, the Court granted Plaintiff's motion to include audio recordings with his Complaint that were directly referenced therein.

justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

### III. DISCUSSION

The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Specifically, in the absence of exigent circumstances, the Due Process Clause requires notice and an opportunity to be heard before an eviction. *Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1307 (4th Cir. 1992). "'Due process is flexible and calls for such procedural protections as the particular situation demands.'" *Capitol Mortg. Bankers, Inc. v. Cuomo*, 222 F.3d 151, 156 (4th Cir. 2000) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Before the Court are allegations of due process violations by RRHA. Plaintiff claims he was not given sufficient notice or opportunity to be heard in the recertification process and ultimate termination of his Section 8 voucher. According to the Complaint, meetings were scheduled on June 12, 21, and 26, 2013, by RRHA to complete the recertification process. As clearly described in the Complaint, Plaintiff was aware that the meetings were scheduled and chose not to attend. Subsequently, Plaintiff received a series of letters, sent on June 21, 24, and 26, 2013, alerting him to the imminent termination of his voucher. (Compl. Exs. F, G.) The termination letters each cite violations of Section 8 "family obligations" contained in the Code of Federal Regulations as the rationale for the termination to be effective July 31, 2013. The specific code

6

sections address obligations of voucher participants to supply required information,[4] impose limits on the composition of the household,[5] and prohibit drug-related or violent criminal activity.[6]

Plaintiff's claim that he was not provided a copy of the report RRHA used in deciding to terminate his voucher focuses solely on the criminal activity violation. The language of both 42 U.S.C. § 1437d(q)(2) and 24 C.F.R. § 982.553(d)(2) makes clear that it is the public housing agency or authority's responsibility to provide the tenant with a copy of the criminal record on which the termination of assistance was based *before* an adverse action may be taken.[7]

By Plaintiff's own admission, he refused to attend scheduled meetings with RRHA during the recertification process. Even upon notification that an appeal hearing had been arranged at his request, he again failed to attend. In sum, on four separate occasions, RRHA attempted to meet and confer with Plaintiff. He was repeatedly offered the

---

[4] 24 C.F.R. § 982.551(b).
[5] 24 C.F.R. § 982.551(h)(2).
[6] 24 C.F.R. § 982.551(l).
[7]      42 U.S.C. § 1437d(q)(2) reads as follows:

> Before an adverse action is taken with regard to assistance under this subchapter on the basis of a criminal record, the public housing agency shall provide the tenant or applicant with a copy of the criminal record and an opportunity to dispute the accuracy and relevance of that record.

42 U.S.C. § 1437d(q)(2). 24 C.F.R. § 982.553 governs denial and termination of housing assistance. Subsection (d)(2) requires that, when using a criminal record as grounds for termination of assistance, the "subject of the record and the tenant [be provided] with a copy of the criminal record" and given "an opportunity to dispute the accuracy and relevance of that record." 24 C.F.R. § 982.553(d)(2).

opportunity to participate in the voucher recertification process and to address the RRHA before termination, but he declined. Each of these invitations occurred *before* the termination was to become effective. Even viewed in the light most favorable to Plaintiff, as the Court must at this stage, the Complaint fails to plead a plausible procedural due process violation by RRHA. *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (holding that "due process rights may be waived by a knowing failure to assert them"); *Fuller v. Laurens Cnty. Sch. Dist.*, 563 F.2d 137, 140 (4th Cir. 1977) (finding no due process violation when plaintiffs voluntarily declined to appear). Plaintiff received all the process due under federal law.

## IV. CONCLUSION

Accordingly, Plaintiff's claim against RRHA for its alleged violation of his procedural due process rights under 42 U.S.C. § 1437d and 24 C.F.R. § 982.553 will be dismissed without prejudice.

An Appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Dated: July 11, 2014
Richmond, Virginia

8